**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **HODESS BUILDING CO., INC.** | : | |
| | : | |
| **vs.** | : | **C.A. No.** |
| | : | |
| **A.O. SMITH CORPORATION and JIM LAVALLEE PLUMBING & HEATING, INC.** | : | CA 05 152 S |

**JURISDICTION**

1. The jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332 (a)(1), all parties are subject to the jurisdiction of this Court and venue is proper in this locale.

**COMPLAINT**

2. Hodess Building Co., Inc. (Hodess) is a Rhode Island corporation with an office located in North Attleboro, Massachusetts.

3. A.O. Smith Corporation (Smith) is a Delaware corporation with an office located in Dallas, Texas.

4. Jim Lavallee Plumbing & Heating, Inc. (Lavallee) is a Delaware corporation with an office located in Auburn, Massachusetts.

5. Hodess is a general contractor principally engaged in the construction of large scale residential and commercial projects.

6. Hodess entered into a contract with the owner of property located in Franklin, Massachusetts on a project known as Franklin Commons (the Project) for the construction of apartment units in the Town of Franklin.

7. Pursuant to the terms and conditions of its contract with the owner, Hodess engaged the service of numerous subcontractors to provide services and/or materials and labor in the completion of the Project.

8. Hodess entered into a contract with Lavallee to supply plumbing and heating; namely, the installation of hot water heaters and other materials essential to the plumbing systems in each apartment building.

9. Upon information and belief, and pursuant to the terms of its subcontract, Lavallee purchased a hot water heater for each apartment unit for installation on the Project.

10. Pursuant to the terms and conditions of its contract, Lavallee was solely responsible for the installation of the water heaters in accordance with the manufacturer's recommendation.

11. Lavallee purchased the water heaters installed at the Project from Smith.

12. Upon information and belief, Smith is a manufacturer of water products located in Dallas, Texas.

13. The units purchased by Lavallee were delivered to the Project by Smith.

14. Lavallee installed a Smith water heater in each unit of the apartment complex of the Project.

15. Shortly after the installation of the hot water units, the owner of the Project made known to Hodess that certain units were failing to perform properly. Numerous complaints were received that the pilot light for the units would not stay lit or that the units would not provide sufficient hot water to meet the needs of the individual apartment unit.

16. Upon receipt of the numerous complaints from the owner, Hodess investigated the complaints associated with the hot water units and made demand upon Lavallee to remedy any problems associated with the installation of the units.

17. Subsequently, it was determined that the hot water units that were supplied by Smith and installed by Lavallee failed to function and operate properly for their intended purpose.

18. The owner demanded Hodess remedy the failure of the hot water heating units.

19. The hot water units burned at a temperature greater than specified thereby causing damage to the venting system and each of the units and the buildings which housed the units.

20. Upon further investigation, it was discovered that numerous units were defective and failed to operate and required replacement.

21. Hodess determined that numerous units had failed to operate, and were continuing to fail on a weekly basis, which presented a safety issue on the project.

22. Hodess made demand upon Lavallee and Smith to remedy the problems associated with the units located at the Project to insure that there was not a continuing and ongoing failure of the units and to further insure that there was no threat to the safety of the inhabitants of each apartment unit.

23. Smith refused to provide replacement heaters to be installed on the Project.

24. Lavallee provided a limited contribution to towards the cost associated with the removal and replacement of each unit.

25. Pursuant to its obligation as the general contractor, Hodess incurred substantial expense associated with the engineering, labor and materials necessary to replace each hot water heater on the project.

26. As a result of the failure of the hot water heaters and Lavallee's failure to remedy the problem, Hodess has incurred substantial costs.

## COUNT I
## Breach

27. Hodess hereby realleges the allegations set forth in Paragraphs 1 through 26, as if set forth in full herein.

28. Hodess entered into a subcontract with Lavallee to provide labor and material associated with plumbing on the project.

29. Pursuant to the terms and conditions of the agreement, Lavallee was responsible to supply and install a hot water heater for each unit of the apartment complex.

30. Lavallee supplied Smith water heaters.

31. The water heaters failed to operate in a satisfactory and workmanlike manner and presented a safety hazard to the inhabitants of the apartment complex.

32. The owner made demand upon Hodess, who in turn, made demand upon Lavallee to remedy the situation.

33. Lavallee breached the contract by failing to replace the labor and materials associated with its performance under the terms of the subcontract.

**WHEREFORE**, Hodess Building Co., Inc. demands judgment against Jim Lavallee Plumbing & Heating, Inc., plus interest, cost and reasonable attorney's fees.

## COUNT II
## Breach of Warranty

34. Hodess hereby realleges the allegations set forth in Paragraphs 1 through 26, as if set forth in full herein.

35. Hodess was the general contractor on the Project known as Franklin Commons which called for the construction of multi-building apartment units in Franklin, Massachusetts.

36. Pursuant to its prime contract, Hodess entered into a subcontract with Lavallee to supply the plumbing on the project.

37. Lavallee supplied Smith water heaters for installation for each apartment, which provided a warranty for the fitness and intended use of each water on the site.

38. The water heaters failed to operate for the intended purpose and presented a safety issue for the project.

39. Smith provided a warranty, which extends and applies to Hodess and the owner pursuant to the terms of the warranty.

39. Smith breached its warranty by failing to remedy and replace the units that were supplied to the Project.

**WHEREFORE**, Hodess Building Co., Inc. demands judgment against A.O. Smith Corporation and Jim Lavallee Plumbing & Heating, Inc., plus interest, cost and reasonable attorney's fees.

## COUNT III
## Negligence

40. The Plaintiff hereby realleges the allegations set forth in Paragraphs 1 through 26, as if set forth in full herein.

41. Hodess entered into a contract with Lavallee on a project known as Franklin Commons.

42. Pursuant to the contract between the parties, Lavallee was to supply labor and materials necessary for the plumbing of certain apartment buildings onsite.

43. Lavallee executed its work in a negligent and unworkmanlike manner.

44. As a result of Lavallee's negligence, Hodess incurred substantial costs to repair, remediate and replace labor and materials provided by Lavallee.

**WHEREFORE**, Hodess Building Co., Inc. demands judgment against Jim Lavallee Plumbing & Heating, Inc., plus interest, cost and reasonable attorney's fees.

## COUNT IV
## Product Liability

45. The Plaintiff hereby realleges the allegations set forth in Paragraphs 1 through 26, as if set forth in full herein.

46. Hodess entered into a subcontract with Lavallee to provide labor and materials associated with plumbing on the project.

47. Lavallee purchased certain equipment from Smith for incorporation into the project.

48. Smith manufactured the equipment which was incorporated into the project.

49. The materials were manufactured by Smith in the ordinary course of its business and sold through interstate commerce.

50. The water heaters that were sold were defective and failed to operate, and caused damages to Hodess.

**WHEREFORE**, Hodess Building Co., Inc. demands judgment against A.O. Smith Corporation and Jim Lavallee Plumbing & Heating, Inc., plus interest, cost and reasonable attorney's fees.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Plaintiff
By its attorney,

Joseph J. Reale, Jr., Esq.
Joseph J. Reale, Jr., Ltd.
30 Kennedy Plaza, Suite 400
Providence, RI 02903
Tel: (401) 453-9900
Fax: (401) 453-9917

Dated: April 12, 2005

13 P 1:0[illegible]
FILED