**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

HODESS BUILDING CO., INC.

VS. C. A. NO.: 05-152S

A.O. SMITH CORPORATION and
JIM LAVALLE PLUMBING & HEATING,
INC.

**DEFENDANT, A.O. SMITH CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT**

**JURISDICTION**

1. This paragraph contains a jurisdictional statement which requires no response on behalf of this defendant.

2. This defendant is without sufficient information to either admit or deny the allegations contained in paragraph 2 of plaintiff's complaint.

3. Admitted.

4. This defendant is without sufficient information to either admit or deny the allegations contained in paragraph 4 of plaintiff's complaint.

5. This defendant is without sufficient information to either admit or deny the allegations contained in paragraph 5 of plaintiff's complaint.

6. This defendant is without sufficient information to either admit or deny the allegations contained in paragraph 6 of plaintiff's complaint.

7. This defendant is without sufficient information to either admit or deny the allegations contained in paragraph 7 of plaintiff's complaint.

8. This defendant is without sufficient information to either admit or deny the allegations contained in paragraph 8 of plaintiff's complaint.

9. This defendant is without sufficient information to either admit or deny the allegations contained in paragraph 9 of plaintiff's complaint.

10. This defendant is without sufficient information to either admit or deny the allegations contained in paragraph 10 of plaintiff's complaint.

5

11. This defendant is without sufficient information to either admit or deny the allegations contained in paragraph 11 of plaintiff's complaint.

12. Admitted.

13. This defendant is without sufficient information to either admit or deny the allegations contained in paragraph 13 of plaintiff's complaint.

14. This defendant is without sufficient information to either admit or deny the allegations contained in paragraph 14 of plaintiff's complaint.

15. This defendant is without sufficient information to either admit or deny the allegations contained in paragraph 15 of plaintiff's complaint.

16. This defendant is without sufficient information to either admit or deny the allegations contained in paragraph 16 of plaintiff's complaint.

17. This defendant is without sufficient information to either admit or deny the allegations contained in paragraph 17 of plaintiff's complaint, except deny that hot water units supplied by Smith do not operate properly for their intended purposes.

18. This defendant is without sufficient information to either admit or deny the allegations contained in paragraph 18 of plaintiff's complaint.

19. This defendant is without sufficient information to either admit or deny the allegations contained in paragraph 19 of plaintiff's complaint, however, to the extent that this paragraph alleges that Smith manufactured a defective product, denied.

20. This defendant is without sufficient information to either admit or deny the allegations contained in paragraph 19 of plaintiff's complaint, however, to the extent that this paragraph alleges that Smith manufactured a defective product, denied.

21. Denied.

22. Admitted that Hodess made demand upon Smith.

23. Admitted.

24. This defendant is without sufficient information to either admit or deny the allegations contained in paragraph 24 of plaintiff's complaint.

25. This defendant is without sufficient information to either admit or deny the allegations contained in paragraph 25 of plaintiff's complaint.

26. Denied.

**COUNT I**
**Breach**

27. Defendant hereby incorporates its responses to paragraphs 1 through 26 as if fully set forth again herein.

28. This defendant is without sufficient information to either admit or deny the allegations contained in paragraph 28 of plaintiff's complaint.

29. This defendant is without sufficient information to either admit or deny the allegations contained in paragraph 29 of plaintiff's complaint.

30. This defendant is without sufficient information to either admit or deny the allegations contained in paragraph 30 of plaintiff's complaint.

31. This defendant is without sufficient information to either admit or deny the allegations contained in paragraph 31 of plaintiff's complaint.

32. This defendant is without sufficient information to either admit or deny the allegations contained in paragraph 32 of plaintiff's complaint.

33. This defendant is without sufficient information to either admit or deny the allegations contained in paragraph 33 of plaintiff's complaint.

WHEREFORE, defendant, A.O. Smith Corporation demands judgment against the plaintiff, plus its cost of defending this action.

**COUNT II**
**Breach of Warranty**

34. Defendant hereby incorporates its responses to paragraphs 1 through 26 as if fully set forth again herein.

35. This defendant is without sufficient information to either admit or deny the allegations contained in paragraph 35 of plaintiff's complaint.

36. This defendant is without sufficient information to either admit or deny the allegations contained in paragraph 36 of plaintiff's complaint.

37. Denied that the defendant provided any warranty other than those expressly set forth in product documents.

38. Denied.

39. See response to number 37, above.

39. Denied.

WHEREFORE, defendant, A.O. Smith Corporation demands judgment against the plaintiff, plus its cost of defending this action.

**COUNT III**
**Negligence**

40. Defendant hereby incorporates its responses to paragraphs 1 through 26 as if fully set forth again herein.

41. This defendant is without sufficient information to either admit or deny the allegations contained in paragraph 41 of plaintiff's complaint.

42. This defendant is without sufficient information to either admit or deny the allegations contained in paragraph 42 of plaintiff's complaint.

43. This defendant is without sufficient information to either admit or deny the allegations contained in paragraph 43 of plaintiff's complaint.

44. This defendant is without sufficient information to either admit or deny the allegations contained in paragraph 44 of plaintiff's complaint.

WHEREFORE, defendant, A.O. Smith Corporation demands judgment against the plaintiff, plus its cost of defending this action.

**COUNT IV**
**Product Liability**

45. Defendant hereby incorporates its responses to paragraphs 1 through 26 as if fully set forth again herein.

46. This defendant is without sufficient information to either admit or deny the allegations contained in paragraph 46 of plaintiff's complaint.

47. This defendant is without sufficient information to either admit or deny the allegations contained in paragraph 47 of plaintiff's complaint, except to admit that Lavalle purchased certain equipment from this defendant.

48. This defendant is without sufficient information to either admit or deny the allegations contained in paragraph 48 of plaintiff's complaint.

49. Admitted that Smith manufactured and sold certain heaters.

50. Denied.

WHEREFORE, defendant, A.O. Smith Corporation demands judgment against the plaintiff, plus interest, costs and reasonable attorneys' fees.

Defendant,
A. O. SMITH CORPORATION,

Melody A. Alger, Esquire #4585
Baluch, Gianfrancesco, Mathieu & Szerlag
155 South Main Street, Suite 101
Providence, RI 02903
Phone: 401-331-1434
Fax: 401-351-9653

This defendant hereby claims a trial by jury.

Melody A. Alger, Esquire #4585

**FIRST AFFIRMATIVE DEFENSE**

The complaint fails to state a claim upon which relief can be granted as against this defendant.

**SECOND AFFIRMATIVE DEFENSE**

The damages, injuries and losses alleged in the complaint were caused by the negligence, fault or lack of care on the part of parties over whom this defendant is not responsible and has no control.

**THIRD AFFIRMATIVE DEFENSE**

The plaintiff's damages or injuries, if any, are the result of the improper maintenance or installation of the product in accordance with A.O. Smith's recommendations and instructions.

**FOURTH AFFIRMATIVE DEFENSE**

Defendant, A.O. Smith was never given adequate or timely notice of any alleged breach of warranty.

**FIFTH AFFIRMATIVE DEFENSE**

As to the warranty claims, there is no privity of contract.

**SIXTH AFFIRMATIVE DEFENSE**

The plaintiff's claims and damages, if any, are subject to the applicable terms, conditions and limitations of any warranty.

**SEVENTH AFFIRMATIVE DEFENSE**

The defendant disclaims any warranty other than those expressly set forth in documents which were provided with the alleged products in accordance with the Uniform Commercial Code.

**EIGHTH AFFIRMATIVE DEFENSE**

The plaintiff's claims are barred by the Statute of Limitations and/or the Statute of Repose.

**NINTH AFFIRMATIVE DEFENSE**

To the extent that the defendant placed warnings on its products, such warnings are grounds for the dismissal of these claims.

**TENTH AFFIRMATIVE DEFENSE**

The plaintiff's claims are barred to the extent that the product in questions was materially and substantially altered and modified after leaving their possession and control of this defendant.

**ELEVENTH AFFIRMATIVE DEFENSE**

The water heater in question performed as safely and as an ordinary consumer would reasonably expect when used in an intended or reasonably foreseeable manner.

**TWELFTH AFFIRMATIVE DEFENSE**

This defendant claims that the plaintiff failed to mitigate its damages.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The plaintiff's claims of negligence are barred by the Doctrine of Economic Loss.

**THIRTEENTH AFFIRMATIVE DEFENSE**

All implied warranties, including the warranties of merchant ability and fitness for a particular purpose, were excluded at the time of the sale, if any, of this defendant's product.

**FOURTEENTH AFFIRMATIVE DEFENSE**

To the extent that the plaintiff alleges claims based upon oral representations or warranties, the plaintiff's claims are barred by the Statute of Frauds.

**FIFTEENTH AFFIRMATIVE DEFENSE**

This defendant reserves the right to plead and prove other affirmative defenses as they may become known and hereby incorporates all applicable affirmative defenses as alleged by any other defendant in this case.

Defendant,
A. O. SMITH CORPORATION,

Melody A. Alger, Esquire #4585
Baluch, Gianfrancesco, Mathieu & Szerlag
155 South Main Street, Suite 101
Providence, RI 02903
Phone: 401-331-1434
Fax: 401-351-9653

**CROSSCLAIM AGAINST CO-DEFENDANT, JIM LAVALLE PLUMBING & HEATING, INC.**

1. The Plaintiff has commenced this action against the named A.O. SMITH CORPORATION, alleging, among other things, product liability and/or breach of warranty relative to hot water heaters and other materials essential to plumbing systems of property located in Franklin, Massachusetts on a project known as Franklin Commons.

2. The Defendant, A.O. SMITH CORPORATION, denies all allegations raised and has further denied all liability to the plaintiff, and hereby expressly restates and reiterates all denials herein.

3. Nevertheless, in event that the Defendant, A.O. SMITH CORPORATION is adjudicated liable to the plaintiff in any amount for any and all allegations raised, the Defendant, A.O. SMITH CORPORATION are entitled to full indemnification and/or contribution for the co-defendants, JIM LAVALLE PLUMBING & HEATING, INC. for the breach of their duty and/or negligent maintenance and installation of the hot water heaters and other materials essential to plumbing systems on that property located in Frankin, Massachusetts on a project known as Franklin Commons.

Defendant,
A. O. SMITH CORPORATION,

Melody A. Alger, Esquire #4585
Baluch, Gianfrancesco, Mathieu & Szerlag
155 South Main Street, Suite 101
Providence, RI 02903
Phone: 401-331-1434
Fax: 401-351-9653

**CERTIFICATION**

The undersigned hereby certifies that a copy of the within was mailed, postage prepaid, to:

Joseph J. Reale, Jr., Esquire
Joseph J. Reale, Jr., LTD.
10 Kennedy Plaza, Suite 400
Providence, RI 02903

on this 9th day of **May**, 2005.