**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| HODESS BUILDING CO., INC.,<br><br>vs.<br><br>A.O. SMITH CORPORATION and JIM LAVALLEE PLUMBING & HEATING, INC. | C.A. N0. 05-152S |

**ANSWER OF THE DEFENDANT,**
**JIM LAVALLEE PLUMBING & HEATING, INC.**
**TO PLAINTIFF'S COMPLAINT, CROSS-CLAIMS**
**AND DEMAND FOR TRIAL BY JURY**

1. The defendant, Jim Lavallee Plumbing & Heating, Inc. ("Lavallee") denies the allegations set forth in paragraph 1 of the Plaintiff's Complaint.

2. The defendant Lavallee admits the allegations set forth in paragraph 2 of the Plaintiff's Complaint.

3. The defendant Lavallee lacks sufficient knowledge to either admit, deny or form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint.

4. The defendant Lavallee denies the allegations set forth in paragraph 4 of the Plaintiff's Complaint.

5. The defendant Lavallee admits the allegations set forth in paragraph 5 of the Plaintiff's Complaint.

6. The defendant Lavallee lacks sufficient knowledge to either admit, deny or form a belief as to the truth of the allegations set forth in paragraph 6 of the Plaintiff's Complaint.

7. The defendant Lavallee lacks sufficient knowledge to either admit, deny or form a belief as to the truth of the allegations set forth in paragraph 7 of the Plaintiff's Complaint.

8. The defendant Lavallee admits it entered into a contract with Hodess, and says that the contract speaks for itself.

9. The defendant Lavallee admits the allegations set forth in paragraph 9 of the Plaintiff's Complaint.

10. The defendant Lavallee denies the allegations set forth in paragraph 10 of the Plaintiff's Complaint.

6

11. The defendant Lavallee denies the allegations set forth in paragraph 11 of the Plaintiff's Complaint.

12. The defendant Lavallee lacks sufficient knowledge to either admit, deny or form a belief as to the truth of the allegations set forth in paragraph 12 of the Plaintiff's Complaint.

13. The defendant Lavallee lacks sufficient knowledge to either admit, deny or form a belief as to the truth of the allegations set forth in paragraph 13 of the Plaintiff's Complaint.

14. The defendant Lavallee denies the allegations set forth in paragraph 14 of the Plaintiff's Complaint.

15. The defendant Lavallee lacks sufficient knowledge to either admit, deny or form a belief as to the truth of the allegations set forth in the first sentence of paragraph 15 of the Complaint. In futher answering, Lavallee denies that its installation of the hot water heater units resulted in performance failures or defects.

16. The defendant Lavallee lacks sufficient knowledge to either admit, deny or form a belief as to the truth of the allegations set forth in the first sentence of paragraph 16 of the Plaintiff's Complaint. In further answering, Lavallee admits the remaining allegations set forth in paragraph 16 of the Plaintiff's Complaint.

17. The defendant Lavallee admits that the hot water heating units failed to function and operate properly for their intended purpose, but denies that any such failures were caused by Lavallee's installation.

18. The defendant Lavallee lacks sufficient knowledge to either admit, deny or form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint.

19. The defendant Lavallee admits that the hot water heating units burned at a temperature greater than specified, but denies that any such malfunction was caused by Lavallee's installation.

20. The defendant Lavallee admits the allegations set forth in paragraph 20 of the Plaintiff's Complaint.

21. The defendant Lavallee lacks sufficient knowledge to either admit, deny or form a belief as to the truth of the allegations set forth in paragraph 21 of the Plaintiff's Complaint.

22. The defendant Lavallee lacks sufficient knowledge to either admit, deny or form a belief as to the truth of the allegations set forth in paragraph 22 of the Plaintiff's Complaint as they pertain to Smith; in further answering, Lavallee denies that any failure of the hot water heating units was caused by Lavallee's installation.

23. The defendant Lavallee lacks sufficient knowledge to either admit, deny or form a belief as to the truth of the allegations set forth in paragraph 23 of the Plaintiff's Complaint.

24. The defendant Lavallee denies the allegations set forth in paragraph 24 of the Plaintiff's Complaint, and further states that it made a substantial contribution towards the cost associated with removal and replacement of each unit.

25. The defendant Lavallee lacks sufficient knowledge to either admit, deny or form a belief as to the truth of the allegations set forth in paragraph 25 of the Plaintiff's Complaint.

26. The defendant Lavallee denies the allegations set forth in paragraph 26 of the Plaintiff's Complaint.

## COUNT I
## Breach

27. The defendant Lavallee repeats and incorporates by reference its answers to paragraph 1 through 26 of the Complaint as though fully set forth herein.

28. The defendant Lavallee admits that it entered into a subcontract with Hodess, and says that the contract speaks for itself.

29. The defendant Lavallee says that, with regard to the terms and conditions of the agreement, the contract speaks for itself.

30. The defendant Lavallee denies the allegations set forth in paragraph 30 of Count I of the Plaintiff's Complaint.

31. The defendant Lavallee admits that the water heaters failed to operate in a satisfactory and workmanlike manner, but denies that any such failures were caused by Lavallee's installation.

32. The defendant Lavallee lacks sufficient knowledge to admit, deny or form a belief as to the truth of the allegations set forth in paragraph 32 of Count I of the Plaintiffs' Complaint.

33. The defendant Lavallee denies the allegations set forth in paragraph 33 of Count I of the Plaintiff's Complaint.

## COUNT II
## Breach of Warranty

34. The defendant Lavallee repeats and incorporates by reference its answers to paragraph 1 through 26 of the Complaint as though fully set forth herein.

35. The defendant Lavallee admits the allegations set forth in paragraph 35 of Count II of the Plaintiff's Complaint.

36. The defendant Lavallee lacks sufficient knowledge to either admit, deny or form a belief as to the truth of the allegations set forth in paragraph 36 of Count II of the Plaintiff's Complaint.

37. The defendant Lavallee denies the allegations set forth in paragraph 37 of Count II of the Plaintiff's Complaint.

38. The defendant Lavallee admits that the hot water heating units failed to operate for the intended purpose and presented a safety issue for the project, but denies that any such failures or safety issues were caused by Lavallee's installation.

39. The defendant Lavallee lacks sufficient knowledge to either admit, deny or form a belief as to the truth of the allegations set forth in paragraph 39 of Count II of the Plaintiff's Complaint.

39.(sic) The defendant Lavallee says that paragraph 39 (sic) of Count II of the Plaintiff's Complaint makes allegations against another party, wherefore no responsive answer is required.

COUNT III
Negligence

40. The defendant Lavallee repeats and incorporates by reference its answers to paragraphs 1 through 26 of the Complaint as though fully set forth herein.

41. The defendant Lavallee admits that it entered into a contract with Hodess, and says that the contract speaks for itself.

42. The defendant Lavallee admits that it entered into a contract with Hodess, and says that the contract speaks for itself.

43. The defendant Lavallee denies the allegations set forth in paragraph 43 of Count III of the Plaintiff's Complaint.

44. The defendant Lavallee denies the allegations set forth in paragraph 44 of Count III of the Plaintiff's Complaint.

COUNT IV
Product Liability

45. The defendant Lavallee repeats and incorporates by reference its answers to paragraph 1 through 26 of the Complaint as though fully set forth herein.

46. The defendant Lavallee admits that it entered into a contract with Hodess, and says that the contract speaks for itself.

47. The defendant Lavallee denies the allegations set forth in paragraph 47 of Count IV of the Plaintiff's Complaint.

48. The defendant Lavallee denies the allegations set forth in paragraph 48 of Count IV of the Plaintiff's Complaint.

49. The defendant Lavallee lacks sufficient knowledge to either admit, deny or form a belief as to the truth of the allegations set forth in paragraph 49 of Count IV of the Plaintiff's Complaint.

50. The defendant Lavallee admits that the hot water heating units were defective, but denies that any such defects were caused by Lavallee's installation.

**FIRST AFFIRMATIVE DEFENSE**

By way of affirmative defense, the defendant Lavallee says that the plaintiff's Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

By way of affirmative defense, the defendant Lavallee says that the plaintiff has failed to join indispensable parties to this action pursuant to Fed. R. Civ. P. 18, wherefore the plaintitff's Complaint must be dismissed as a matter of law.

**THIRD AFFIRMATIVE DEFENSE**

By way of affirmative defense, the defendant Lavallee says that if the plaintiff suffered injuries or damage, as alleged, such injuries or damage were caused by someone for whose conduct the defendant was not and is not legally responsible.

**FOURTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, the defendant Lavallee says that the plaintiff was guilty of contributory negligence and the damages, if any, recovered by the plaintiff from the defendant shall be reduced in proportion of the said negligence of the plaintiff.

**FIFTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, the defendant Lavallee denies it was negligent in any manner.

**SIXTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, the defendant Lavallee says that the plaintiff, by its conduct and/or the conduct of its employees, agents and servants, is estopped to recover any judgment against the defendant.

**SEVENTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, the defendant Lavallee says that the plaintiff, by its conduct and/or the conduct of its employees, agents and servants, has waived any and all rights it may have against the defendant, wherefore the plaintiff cannot recover.

## EIGHTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant Lavallee denies that it breached any express or implied warranties.

## NINTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant Lavallee denies that it breached its Subcontract with Hodess, and calls upon the plaintiff to prove same.

## TENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant Lavallee says that the plaintiff has failed to mitigate its damages, wherefore its Complaint must be dismissed.

## ELEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant Lavallee says that this Court lacks personal jurisdiction for this action, wherefore the Plaintiff's Complaint must be dismissed as a matter of law.

## TWELFTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant Lavallee says that this Court lacks the proper venue for this action, wherefore the Plaintiff's Complaint must be dismissed as a matter of law.

## CROSS-CLAIMS
## (LAVALLEE V. A. O. SMITH CORPORATION)

### Count I – Contribution

1. The Plaintiff in Cross-claim, Lavallee, is a Massachusetts corporation with a principal place of business located in Auburn, Worcester County, Massachusetts.

2. The Defendant in Cross-claim, A. O. Smith Corporation ("Smith"), is a Delaware corporation with a usual place of business located in Milwaukee, Wisconsin.

3. Pursuant to the terms of its written Subcontract for Building Construction with Hodess Building Co., Inc. ("Hodess"), Lavallee purchased from P V Sullivan Supply Co., Inc. ninety-seven (97) "State Select Power Direct-Vent" hot water heaters, Model Number PR675NRDVT, Serial Numbers E03108998, B04301678, C04304457 and J03334345 ("the Water Heaters") manufactured by Smith or its subsidiary State Industries, Inc.

4. With the exception of the venting of the Water Heaters, Lavallee supplied the labor necessary to install the Water Heaters at 575 East Central Street, Franklin, Massachusetts ("Franklin Commons").

5. Despite Lavallee's proper installation of the Water Heaters at Franklin Commons, the burner compartments of eighty-four (84) of the Water Heaters lacked adequate amounts of combustion air, resulting in high stack temperatures that exceeded safe operating conditions and requiring replacement of the 84 Water Heaters in question.

6. The plaintiff, Hodess, alleges that Lavallee was negligent in the installation of the water heaters causing it to incur substantial costs to repair, remediate and replace labor and materials previously provided by Lavallee.

7. Lavallee denies the plaintiff's allegations and says that the negligent design and/or manufacture of the Water Heaters by Smith, not any act or omission by Lavallee, is the cause-in-fact of the plaintiff's damages.

8. If the plaintiff, Hodess, obtains a judgment against Lavallee, then Smith will be liable to Lavallee, in whole or in part, for contribution.

WHEREFORE, the Plaintiff in Cross-claim, Jim Lavallee Plumbing & Heating, Inc., demands judgment against the Defendant in Cross-claim, A. O. Smith Corporation, plus interest and costs as provided by law.

**COUNT II – Reimbursement and/or Indemnification**

9. The Plaintiff in Cross-claim, Lavallee, repeats and realleges paragraphs 1 through 8 of the Cross-claims as though fully set forth herein.

10. As a result of the aforesaid defect and/or malfunction of the Water Heaters at Franklin Commons, Lavallee was caused to replace the faulty Water Heaters in order to address and resolve safety issues caused by the defects/malfunction of the Water Heaters.

11. Lavallee incurred $41,934.00 in costs and expenses as a result of its replacement of the defective Water Heaters.

12. Smith is required to reimburse and/or indemnify Lavallee for the costs and expenses it incurred in replacing the defective Water Heaters.

WHEREFORE, the Plaintiff in Cross-claim, Jim Lavallee Plumbing & Heating, Inc., demands judgment against the Defendant in Cross-claim, A. O. Smith Corporation, plus interest and costs as provided by law.

**COUNT III – Breach of Express Warranty**

13. The Plaintiff in Cross-claim, Lavallee, repeats and realleges paragraphs 1 through 12 of the Cross-claims as though fully set forth herein.

14. Smith knew, or reasonably should have known, of the latent defects in the Water Heaters at the time it designed and manufactured the Water Heaters, and knowingly and recklessly failed to disclose that the Water Heaters contained said defects.

15. The representations made by Smith regarding the Water Heaters were relied upon by Lavallee and constitute express warranties pursuant to Massachusetts General Laws c. 106, §2-313.

16. Smith has breached its express warranties.

17. As a result of Smith's breach of its express warranties, Lavallee has sustained damages.

WHEREFORE, the Plaintiff in Cross-claim, Jim Lavallee Plumbing & Heating, Inc., demands judgment against the Defendant in Cross-claim, A. O. Smith Corporation, plus interest and costs as provided by law.

**COUNT IV – Breach of Implied Warranty of Merchantability**

18. The Plaintiff in Cross-claim, Lavallee, repeats and realleges paragraphs 1 through 18 of the Cross-claims as though fully set forth herein.

19. Smith impliedly warranted, pursuant to Massachusetts General Laws c. 106, §2-314, that the Water Heaters which it designed and manufactured were merchantable and fit for the ordinary purpose for which such goods are used.

20. The Water Heaters designed and manufactured by Smith were defective and not fit for the ordinary purpose for which such goods are used in that the burner compartments of the Water Heaters lacked adequate and sufficient amounts of combustion air, which resulted in high stack temperatures that exceeded safe operating condition.

21. As a result of Smith's breach of the implied warranty of merchantability, Lavallee has sustained damages.

WHEREFORE, the Plaintiff in Cross-claim, Jim Lavallee Plumbing & Heating, Inc., demands judgment against the Defendant in Cross-claim, A. O. Smith Corporation, plus interest and costs as provided by law.

**COUNT V – Breach of Implied Warranty of Fitness for a Particular Purpose**

22. The Plaintiff in Cross-claim, Lavallee, repeats and realleges paragraphs 1 through 21 of the Cross-claims as though fully set forth herein.

23. Smith knew the specific purpose for which Lavallee intended to use the Water Heaters and impliedly warranted, pursuant to Massachusetts General Laws c. 106, §2-315, that the Water Heaters were usable for such purposes.

24. Smith had specialized skill, knowledge and judgment upon which Lavallee relied to select suitable goods for this purpose.

25. Smith designed and manufactured water heaters which were not fit for the particular purpose for which Smith knew they would be used by Lavallee.

26. As a result of Smith's breach of the implied warranty of fitness for a particular purpose, Lavallee has sustained damages.

WHEREFORE, the Plaintiff in Cross-claim, Jim Lavallee Plumbing & Heating, Inc., demands judgment against the Defendant in Cross-claim, A. O. Smith Corporation, plus interest and costs as provided by law.

**COUNT VI- Fraud and Deceit**

27. The Plaintiff in Cross-claim, Lavallee, repeats and realleges paragraphs 1 through 26 of the Cross-claims as though fully set forth herein.

28. Smith fraudulently concealed information in its possession indicating the defective nature of the Water Heaters and failed to inform Lavallee of said defects.

29. Smith made material misrepresentations to Lavallee which it knew, or should have known, were false when made, with the intent that Lavallee rely on same.

30. Lavallee relied upon the misrepresentations made by Smith to its detriment.

31. As a direct and proximate result of Smith's misrepresentations, Lavallee has sustained damages.

WHEREFORE, the Plaintiff in Cross-claim, Jim Lavallee Plumbing & Heating, Inc., demands judgment against the Defendant in Cross-claim, A. O. Smith Corporation, plus interest and costs as provided by law.

**COUNT VII – Negligent Misrepresentation**

32. The Plaintiff in Cross-claim, Lavallee, repeats and realleges paragraphs 1 through 31 of the Cross-claims as though fully set forth herein.

33. Smith provided false information to Lavallee for the guidance of Lavallee in its business.

34. Smith did not exercise reasonable care or competence in obtaining or communicating this information to Lavallee.

35. Lavallee reasonably relied upon the misrepresentations made by Smith.

36. As a direct and proximate result of Smith's negligent misrepresentations, Lavallee has sustained damages.

WHEREFORE, the Plaintiff in Cross-claim, Jim Lavallee Plumbing & Heating, Inc., demands judgment against the Defendant in Cross-claim, A. O. Smith Corporation, plus interest and costs as provided by law.

**COUNT VIII – Promissory Estoppel**

37. The Plaintiff in Cross-claim, Lavallee, repeats and realleges paragraphs 1 through 36 of the Cross-claims as though fully set forth herein.

38. Smith made representations to Lavallee with the intent that Lavallee would rely on them.

39. Lavallee reasonably relied on Smith's representations.

40. Smith has failed, refused and neglected to perform its obligations as represented.

41. Smith is estopped from refusing to fulfill its promises to Lavallee.

42. As a result of Smith's failure, refusal and neglect to perform its promises to Lavallee, Lavallee has sustained damages.

WHEREFORE, the Plaintiff in Cross-claim, Jim Lavallee Plumbing & Heating, Inc., demands judgment against the Defendant in Cross-claim, A. O. Smith Corporation, plus interest and costs as provided by law.

**DEMAND FOR TRIAL BY JURY**

Now comes the Defendant and Plaintiff in Cross-claim, Jim Lavallee Plumbing & Heating, Inc. and DEMANDS A TRIAL BY JURY on all issues.

JIM LAVALLEE PLUMBING &
HEATING, INC.

By its Attorney,
Michael W. Garland, Esquire
DONALD E. FEENER & ASSOCIATES
120 Front Street, Suite 310
Worcester, MA 01608-1424
Telephone: (508) 798-0717
Fax: (508) 798-1850

Dated: May 27, 2005

**CERTIFICATE OF SERVICE**

I, Michael W. Garland, attorney for the Defendant and Plaintiff in Cross-claim, JIM LAVALLEE PLUMBING & HEATING, INC. hereby certify that on this 27th day of May, 2005 I served the Answer of the Defendant, Jim Lavallee Plumbing & Heating, Inc. to Plaintiff's Complaint, Cross-claims and Demand for Trial by Jury and Third-Party Complaint by mailing copies of same by first-class mail, postage prepaid, to:

Joseph J. Reale, Jr., Esquire
Joseph J. Reale, Jr., Ltd.
30 Kennedy Plaza, Suite 400
Providence, RI 02903

Melody A. Alger, Esquire
Baluch, Gianfrancesco, Mathieu & Szerlag
155 South Main Street, Suite 101
Providence, RI 02903

Michael W. Garland

Dated: May 27, 2005