**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| HODESS BUILDING CO., INC.<br>Plaintiffs<br>v.<br><br>A. O. SMITH CORPORATION and JIM LAVALLEE PLUMBING & HEATING, INC.<br>Defendants<br><br>and<br><br>JIM LAVALLEE PLUMBING & HEATING, INC.,<br>Third-Party Plaintiff<br><br>v.<br><br>STATE INDUSTRIES, INC., and P V SULLIVAN SUPPLY CO., INC.,<br>Third-Party Defendants | C. A. NO. 05-152S |

## <u>THIRD-PARTY COMPLAINT</u>

1. The Third-Party Plaintiff, Jim Lavallee Plumbing & Heating, Inc. ("Lavallee") is a Massachusetts corporation with a principal place of business located in Auburn, Worcester County, Massachusetts.

2. The Third-Party Defendant, State Industries, Inc. ("State") is a Tennessee corporation with a principal place of business located in Ashland City, Tennesee and is, upon information and belief, a subsidiary of A. O. Smith Corporation.

3. The Third-Party Defendant, P V Sullivan Supply Co., Inc. ("Sullivan") is a Massachusetts corporation with a principal place of business located in Quincy, Norfolk County, Massachusetts.

7

**FACTS**

4. Pursuant to the terms of a written Subcontract for Building Construction with Hodess Building Co., Inc. ("Hodess"), Lavallee was to furnish labor and materials necessary to install plumbing systems at 575 East Central Street, Franklin, Massachusetts ("Franklin Commons"), including certain hot water heaters developed, tested, manufactured, marketed and/or distributed by State.

5. Pursuant to the subcontract Lavallee purchased ninety-seven (97) "State Select Power Direct-Vent" hot water heaters, Model Number PR675NRDVT, Serial Numbers E03108998, B04301678, C04304457 and J03334345 ("the Water Heaters") from Sullivan, a supplier and distributor of hot water heaters manufactured by State.

6. Lavallee properly installed the Water Heaters at Franklin Commons in accordance with all of State's installation instructions and specifications.

7. Despite Lavallee's proper installation of the Water Heaters at Franklin Commons, the burner compartments of eighty-four (84) of the Water Heaters lacked adequate amounts of combustion air, which resulted in high stack temperatures that exceeded safe operating conditions.

8. As a result of the aforesaid defect and/or malfunction of the Water Heaters, commencing in or about August, 2003, flue gases were permitted to enter the residential dwellings at Franklin Commons.

9. As a result of the aforesaid defect and/or malfunction of the Water Heaters, Lavallee was caused to replace eighty-four (84) of the faulty Water Heaters at Franklin Commons.

10. Lavallee incurred $41,934.00 in costs and expenses as a result of its replacement of the defective Water Heaters.

**COUNT I**
**(Contribution – State)**

11. The Third-Party Plaintiff Lavallee repeats and incorporates by reference paragraphs 1 through 10 of the Third-Party Complaint as though fully set forth herein.

12. On or about September 30, 2004, Lavallee notified State of said defects and demanded that State mitigate the costs associated with the Water Heater replacements.

13. Despite Lavallee's demand, State has failed, refused and neglected to repair or replace the defective Water Heaters and reimburse or indemnify Lavallee for the costs it incurred to replace said defective Water Heaters.

14. Despite Lavallee's demand, State has failed, refused and neglected to maintain the Water Heaters in good working order and provide the necessary parts and labor necessary to repair or replace the defective Water Heaters.

15. State knew, or reasonably should have known, of the latent defects in the Water Heaters at the time it designed and manufactured the Water Heaters, and negligently, knowingly or recklessly failed to disclose that the Water Heaters contained said defects.

16. The plaintiff, Hodess, alleges that Lavallee was negligent in the installation of the Water Heaters, causing it to incur substantial costs to repair, remediate and replace labor and materials previously provided by Lavallee.

17. Lavallee denies the plaintiff's allegations of negligence and says that the negligent design and/or manufacture of the Water Heaters by State, not any act or omission by Lavallee, is the cause-in-fact of the plaintiff's damages.

18. If the plaintiff, Hodess, obtains a judgment against Lavallee, then State shall be liable to Lavallee, in whole or in part, for contribution.

WHEREFORE, the Third-Party Plaintiff, Jim Lavallee Plumbing & Heating, Inc., demands judgment against the Third-Party Defendant, State Industries, Inc., plus interest and costs as provided by law.

**COUNT II**
**(Reimbursement and/or Indemnification – State)**

19. The Third-Party Plaintiff, Lavallee, repeats and realleges paragraphs 1 through 18 of the Third-Party Complaint as though fully set forth herein.

20. As a result of the aforesaid defect and/or malfunction of the Water Heaters at Franklin Commons, Lavallee was caused to replace the faulty Water Heaters in order to address and resolve safety issues caused by the defects/malfunction of the Water Heaters.

21. Lavallee incurred $41,934.00 in costs and expenses as a result of its replacement of the defective Water Heaters.

22. State is required to reimburse and/or indemnify Lavallee for the costs and expenses it incurred in replacing the defective Water Heaters.

WHEREFORE, the Third-Party Plaintiff, Jim Lavallee Plumbing & Heating, Inc., demands judgment against the Third-Party Defendant, State Industries, Inc., plus interest and costs as provided by law.

**COUNT III**
**(Breach of Contract – Sullivan)**

23. The Third-Party Plaintiff, Lavallee, repeats and realleges Paragraphs 1 through 22 of the Third-Party Complaint as though fully set forth herein.

24. Lavallee contracted with Sullivan to purchase ninety-seven (97) of the Water Heaters, eighty-four (84) of which were defective.

25. Sullivan has breached these contracts by failing, refusing and/or neglecting to maintain the Water Heaters in good working order and provide the necessary parts and labor necessary to repair or replace the defective Water Heaters.

26. As a result of Sullivan's breach of contact, Lavallee has sustained damages.

WHEREFORE, the Third-Party Plaintiff, Jim Lavallee Plumbing & Heating, Inc., demands judgment against the Third-Party Defendant, P V Sullivan Supply Co., Inc., plus interest and costs as provided by law.

**COUNT IV**
**(Breach of Implied Covenant of Good Faith and Fair Dealing – Sullivan)**

27. The Third-Party Plaintiff, Lavallee, repeats and realleges Paragraphs 1 through 26 of the Third-Party Complaint as though fully set forth herein.

28. Sullivan's conduct has had the effect of destroying or injuring Lavallee's contractual rights and its rights to receive the benefits therefrom.

29. Sullivan's conduct constitutes a breach of the implied covenant of good faith and fair dealing between Lavallee and Sullivan.

30. As a result of Sullivan's breach of the implied covenant of good faith and fair dealing, Lavallee has sustained damages.

WHEREFORE, the Third-Party Plaintiff, Jim Lavallee Plumbing & Heating, Inc., demands judgment against the Third-Party Defendant, P V Sullivan Supply Co., Inc., plus interest and costs as provided by law.

**COUNT V**
**(Breach of Express Warranty – State)**

31. The Third-Party Plaintiff, Lavallee, repeats and realleges Paragraphs 1 through 30 of the Third-Party Complaint as though fully set forth herein.

32. The representations made by State were relied upon by Lavallee and constitute express warranties pursuant to Massachusetts General Laws c. 106, §2-313.

33. State has breached its express warranties to Lavallee's detriment.

34. As a result of State's breach of its express warranties, Lavallee has sustained damages.

WHEREFORE, the Third-Party Plaintiff, Jim Lavallee Plumbing & Heating, Inc., demands judgment against the Third-Party Defendant, State Industries, Inc., plus interest and costs as provided by law.

**COUNT VI**
**(Breach of Express Warranty – Sullivan)**

35. The Third-Party Plaintiff, Lavallee, repeats and realleges Paragraphs 1 through 34 of the Third-Party Complaint as though fully set forth herein.

36. The representations made by Sullivan were relied upon by Lavallee and constitute express warranties pursuant to Massachusetts General Laws c. 106, §2-313.

37. Sullivan has breached its express warranties to Lavallee's detriment.

38. As a result of Sullivan's breach of its express warranties, Lavallee has sustained damages.

WHEREFORE, the Third-Party Plaintiff, Jim Lavallee Plumbing & Heating, Inc., demands judgment against the Third-Party Defendant, P V Sullivan Supply Co., Inc., plus interest and costs as provided by law.

**COUNT VII**
**(Breach of Implied Warranty of Merchantability – State)**

39. The Third-Party Plaintiff, Lavallee, repeats and realleges Paragraphs 1 through 38 of the Third-Party Complaint as though fully set forth herein.

40. State impliedly warranted, pursuant to Massachusetts General Laws c. 106, §2-314, that the Water Heaters which it designed and manufactured were merchantable and fit for the ordinary purpose for which such goods are used.

41. The Water Heaters designed and manufactured by State were defective and not fit for the ordinary purpose for which such goods are used in that the burner compartments of the Water Heaters lacked adequate and sufficient amounts of combustion air, which resulted in high stack temperatures that exceeded safe operating condition.

42. As a result of State's breach of the implied warranty of merchantability, Lavallee has sustained damages.

WHEREFORE, the Third-Party Plaintiff, Jim Lavallee Plumbing & Heating, Inc., demands judgment against the Third-Party Defendant, State Industries, Inc., plus interest and costs as provided by law.

**COUNT VIII**
**(Breach of Implied Warranty of Merchantability – Sullivan)**

43. The Third-Party Plaintiff, Lavallee, repeats and realleges Paragraphs 1 through 42 of the Third-Party Complaint as though fully set forth herein.

44. Sullivan impliedly warranted, pursuant to Massachusetts General Laws c. 106, §2-314, that the Water Heaters it sold and delivered to Lavallee were merchantable and fit for the ordinary purpose for which such goods are used.

45. The Water Heaters sold and delivered by Sullivan to Lavallee were defective and not fit for the ordinary purpose for which such goods are used in that the burner compartments of the Water Heaters lacked adequate and sufficient amounts of combustion air, which resulted in high stack temperatures that exceeded safe operating condition.

46. As a result of Sullivan's breach of the implied warranty of merchantability, Lavallee has sustained damages.

WHEREFORE, the Third-Party Plaintiff, Jim Lavallee Plumbing & Heating, Inc., demands judgment against the Third-Party Defendant, P V Sullivan Supply Co., Inc., plus interest and costs as provided by law.

**COUNT IX**
**(Breach of Implied Warranty of Fitness for a Particular Purpose – State)**

47. The Third-Party Plaintiff, Lavallee, repeats and realleges paragraphs 1 through 46 of the Third-Party Complaint as though fully set forth herein.

48. State knew the specific purpose for which Lavallee intended to use the Water Heaters and impliedly warranted, pursuant to Massachusetts General Laws c. 106, §2-315, that the Water Heaters were usable for such purposes.

49. State had specialized skill, knowledge and judgment upon which Lavallee relied to select suitable goods for this purpose.

50. State designed and manufactured Water Heaters which were not fit for the particular purpose for which State knew they would be used by Lavallee.

51. As a result of State's breach of the implied warranty of fitness for a particular purpose, Lavallee has sustained damages.

WHEREFORE, the Third-Party Plaintiff, Jim Lavallee Plumbing & Heating, Inc., demands judgment against the Third-Party Defendant, State Industries, Inc., plus interest and costs as provided by law.

**COUNT X**
**(Breach of Implied Warranty of Fitness for a Particular Purpose – Sullivan)**

52. The Third-Party Plaintiff, Lavallee, repeats and realleges Paragraphs 1 through 51 of the Third-Party Complaint as though fully set forth herein.

53. Sullivan knew the specific purpose for which Lavallee intended to use the Water Heaters and impliedly warranted, pursuant to Massachusetts General Laws c. 106, §2-315, that the Water Heaters were usable for such purposes.

54. Sullivan had specialized skill, knowledge and judgment upon which Lavallee relied to select suitable goods for this purpose.

55. Sullivan sold and delivered Water Heaters which were not fit for the particular purpose for which Sullivan knew they would be used by Lavallee.

56. As a result of Sullivan's breach of the implied warranty of fitness for a particular purpose, Lavallee has sustained damages.

WHEREFORE, the Third-Party Plaintiff, Jim Lavallee Plumbing & Heating, Inc., demands judgment against the Third-Party Defendant, P V Sullivan Supply Co., Inc., plus interest and costs as provided by law.

**COUNT XI**
**(Fraud and Deceit – State)**

57. The Third-Party Plaintiff, Lavallee, repeats and realleges Paragraphs 1 through 56 of the Third-Party Complaint as though fully set forth herein.

58. State fraudulently concealed information in its possession indicating the defective nature of the Water Heaters and failed to inform Lavallee of said defects.

59. State made material misrepresentations to Lavallee which it knew, or reasonably should have known, were false when made, with the intent that Lavallee rely on same.

60. Lavallee relied upon the misrepresentations made by State to its detriment.

61. As a direct and proximate result of State's misrepresentations, Lavallee has sustained damages.

WHEREFORE, the Third-Party Plaintiff, Jim Lavallee Plumbing & Heating, Inc., demands judgment against the Third-Party Defendant, State Industries, Inc., plus interest and costs as provided by law.

**COUNT XII**
**(Fraud and Deceit – Sullivan)**

62. The Third-Party Plaintiff, Lavallee, repeats and realleges paragraphs 1 through 61 of the Third-Party Complaint as though fully set forth herein.

63. Sullivan fraudulently concealed information in its possession indicating the defective nature of the Water Heaters and failed to inform Lavallee of said defects.

64. Sullivan made material misrepresentations to Lavallee which it knew, or reasonably should have known, were false when made, with the intent that Lavallee rely on same.

65. Lavallee relied upon the misrepresentations made by Sullivan to its detriment.

66. As a direct and proximate result of Sullivan's misrepresentations, Lavallee has sustained damages.

WHEREFORE, the Third-Party Plaintiff, Jim Lavallee Plumbing & Heating, Inc., demands judgment against the Third-Party Defendant, P V Sullivan Supply Co., Inc., plus interest and costs as provided by law.

**COUNT XIII**
**(Negligent Misrepresentation – State)**

67. The Third-Party Plaintiff, Lavallee, repeats and realleges Paragraphs 1 through 66 of the Third-Party Complaint as though fully set forth herein.

68. State provided false information for the guidance of Lavallee in its business.

69. State did not exercise reasonable care or competence in obtaining or communicating this information to Lavallee.

70. Lavallee reasonably relied upon the misrepresentations made by State to its detriment.

71. As a direct and proximate result of State's negligent misrepresentations, Lavallee has sustained damages.

WHEREFORE, the Third-Party Plaintiff, Jim Lavallee Plumbing & Heating, Inc., demands judgment against the Third-Party Defendant, State Industries, Inc., plus interest and costs as provided by law.

**COUNT XIV**
**(Negligent Misrepresentation – Sullivan)**

72. The Third-Party Plaintiff, Lavallee, repeats and realleges Paragraphs 1 through 71 of the Third-Party Complaint as though fully set forth herein.

73. Sullivan provided false information for the guidance of Lavallee in its business.

74. Sullivan did not exercise reasonable care or competence in obtaining or communicating this information to Lavallee.

75. Lavallee reasonably relied upon the misrepresentations made by Sullivan to its detriment.

76. As a direct and proximate result of Sullivan's negligent mis-representations, Lavallee has sustained damages.

WHEREFORE, the Third-Party Plaintiff, Jim Lavallee Plumbing & Heating, Inc., demands judgment against the Third-Party Defendant, P V Sullivan Supply Co., Inc., plus interest and costs as provided by law.

**COUNT XV**
**(Promissory Estoppel – State)**

77. The Third-Party Plaintiff, Lavallee, repeats and realleges Paragraphs 1 through 76 of the Third-Party Complaint as though fully set forth herein.

78. State made representations to Lavallee with the intent that Lavallee would rely thereon.

79. Lavallee reasonably relied on State's representations.

80. State has failed, refused and neglected to perform its obligations as represented, to Lavallee's detriment.

81. State is estopped from refusing to fulfill its promises to Lavallee.

82. As a result of State's failure, refusal and neglect to perform its promises to Lavallee, Lavallee has sustained damages.

WHEREFORE, the Third-Party Plaintiff, Jim Lavallee Plumbing & Heating, Inc., demands judgment against the Third-Party Defendant, State Industries, Inc., plus interest and costs as provided by law.

**COUNT XVI**
**(Promissory Estoppel – Sullivan)**

83. The Third-Party Plaintiff, Lavallee, repeats and realleges Paragraphs 1 through 82 of the Third-Party Complaint as though fully set forth herein.

84. Sullivan made representations to Lavallee with the intent that Lavallee would rely thereon.

85. Lavallee reasonably relied on Sullivan's representations.

86. Sullivan has failed, refused and neglected to perform its obligations as represented, to Lavallee's detriment.

87. Sullivan is estopped from refusing to fulfill its promises to Lavallee.

88. As a result of Sullivan's failure, refusal and neglect to perform its promises to Lavallee, Lavallee has sustained damages.

WHEREFORE, the Third-Party Plaintiff, Jim Lavallee Plumbing & Heating, Inc., demands judgment against the Third-Party Defendant, P V Sullivan Supply Co., Inc., plus interest and costs as provided by law.

**DEMAND FOR TRIAL BY JURY**

Now comes the Third-Party Plaintiff, Jim Lavallee Plumbing & Heating, Inc., and demands a trial by jury on all issues.

JIM LAVALLEE PLUMBING &
HEATING, INC.

By its Attorney,
Michael W. Garland, Esquire
Donald E. Feener & Associates
120 Front Street, Suite 310
Worcester, MA 01608-1424
Tel: (508) 798-0717
Fax: (508) 798-1850

Dated: May 27, 2005

**CERTIFICATE OF SERVICE**

I, Michael W. Garland, attorney for the Defendant and Plaintiff in Cross-claim, JIM LAVALLEE PLUMBING & HEATING, INC. hereby certify that on this 27th day of May, 2005 I served the Answer of the Defendant, Jim Lavallee Plumbing & Heating, Inc. to Plaintiff's Complaint, Cross-claims and Demand for Trial by Jury and Third-Party Complaint by mailing copies of same by first-class mail, postage prepaid, to:

Joseph J. Reale, Jr., Esquire
Joseph J. Reale, Jr., Ltd.
30 Kennedy Plaza, Suite 400
Providence, RI 02903

Melody A. Alger, Esquire
Baluch, Gianfrancesco, Mathieu & Szerlag
155 South Main Street, Suite 101
Providence, RI 02903

Michael W. Garland

Dated: May 27, 2005