**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

HODESS BUILDING CO., INC.
Plaintiffs

VS. C. A. NO.: 05-152S

A.O. SMITH CORPORATION and
JIM LAVALLE PLUMBING & HEATING,
INC.
Defendants

And

JIM LAVALLEE PLUMBING & HEATING, INC.,
Third-Party Plaintiff

VS.

STATE INDUSTRIES, INC., and P V
SULLIVAN SUPPLY CO., INC.
Third-Party Defendants

**STATE INDUSTRIES, INC. ANSWER TO**
**THIRD PARTY COMPLAINT OF**
**JIM LAVALLEE PLUMBING & HEATING, INC.**

1. Admitted.

2. Admitted.

3. This defendant is without sufficient information to either admit or deny the allegation contained in paragraph 3.

4. This defendant is without sufficient information to either admit or deny the allegation contained in paragraph 4.

5. This defendant is without sufficient information to either admit or deny the allegation contained in paragraph 5.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

**COUNT I**
**(Contribution – State)**

11. This defendant incorporates herein by reference its responses to paragraphs 1-10 as if fully restated herein.

12. This defendant is without sufficient information to either admit or deny the allegation contained in paragraph 12.

13. Admitted that State has not repaired or replaced the water heaters or provided indemnification therefore, denied as to the remainder.

14. See response to number 13, above.

15. Denied.

16. Admitted.

17. Denied.

18. Denied.

WHEREFORE, third-party defendant demands judgment against the third-party plaintiff plus its cost of defending this action.

**COUNT II**
**(Reimbursement and/or Indemnification – State)**

19. This defendant incorporates herein by reference its responses to paragraphs 1-18 as if fully restated herein.

20. Denied.

21. This defendant is without sufficient information to either admit or deny the allegation contained in paragraph 21, except to deny that the water heaters were defective.

22. Denied.

WHEREFORE, third-party defendant demands judgment against the third-party plaintiff plus its cost of defending this action.

**COUNT III**
**(Breach of Contract – State)**

23. This defendant incorporates herein by reference its responses to paragraphs 1-22 as if fully restated herein.

24. This defendant is without sufficient information to either admit or deny the allegation contained in paragraph 24, except to deny that the water heaters were defective.

25. See response to number 24, above.

26. This defendant is without sufficient information to either admit or deny the allegation contained in paragraph 26.

WHEREFORE, third-party defendant demands judgment against the third-party plaintiff plus its cost of defending this action.

**COUNT IV**
**(Breach of Implied Covenant of Good Faith and Fair Dealing – Sullivan)**

27. This defendant incorporates herein by reference its responses to paragraphs 1-26 as if fully restated herein.

28. This defendant is without sufficient information to either admit or deny the allegation contained in paragraph 28.

29. This defendant is without sufficient information to either admit or deny the allegation contained in paragraph 29.

30. This defendant is without sufficient information to either admit or deny the allegation contained in paragraph 30.

WHEREFORE, third-party defendant demands judgment against the third-party plaintiff plus its cost of defending this action.

**COUNT V**
**(Beach of Express Warranty – State)**

31. This defendant incorporates herein by reference its responses to paragraphs 1-30 as if fully restated herein.

32. Denied.

33. Denied.

34. Denied.

WHEREFORE, third-party defendant demands judgment against the third-party plaintiff plus its cost of defending this action.

**COUNT VI**
**(Beach of Express Warranty – Sullivan)**

35. This defendant incorporates herein by reference its responses to paragraphs 1-34 as if fully restated herein.

36. This defendant is without sufficient information to either admit or deny the allegation contained in paragraph 36.

37. This defendant is without sufficient information to either admit or deny the allegation contained in paragraph 37.

38. This defendant is without sufficient information to either admit or deny the allegation contained in paragraph 38.

WHEREFORE, third-party defendant demands judgment against the third-party plaintiff plus its cost of defending this action.

**COUNT VII**
**(Beach of Implied Warranty of Merchantability – State)**

39. This defendant incorporates herein by reference its responses to paragraphs 1-38 as if fully restated herein.

40. Denied.

41. Denied.

42. Denied.

WHEREFORE, third-party defendant demands judgment against the third-party plaintiff plus its cost of defending this action.

**COUNT VIII**
**(Beach of Implied Warranty of Merchantability – Sullivan)**

43. This defendant incorporates herein by reference its responses to paragraphs 1-42 as if fully restated herein.

44. This defendant is without sufficient information to either admit or deny the allegation contained in paragraph 44.

45. This defendant is without sufficient information to either admit or deny the allegation contained in paragraph 45.

46. This defendant is without sufficient information to either admit or deny the allegation contained in paragraph 46.

WHEREFORE, third-party defendant demands judgment against the third-party plaintiff plus its cost of defending this action.

**COUNT IX**
**(Beach of Implied Warranty OF Fitness for a Particular Purpose – State)**

47. This defendant incorporates herein by reference its responses to paragraphs 1-46 as if fully restated herein.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

WHEREFORE, third-party defendant demands judgment against the third-party plaintiff plus its cost of defending this action.

**COUNT X**
**(Beach of Implied Warranty OF Fitness for a Particular Purpose – Sullivan)**

52. This defendant incorporates herein by reference its responses to paragraphs 1-51 as if fully restated herein.

53. This defendant is without sufficient information to either admit or deny the allegation contained in paragraph 53.

54. This defendant is without sufficient information to either admit or deny the allegation contained in paragraph 54.

55. This defendant is without sufficient information to either admit or deny the allegation contained in paragraph 55.

56. This defendant is without sufficient information to either admit or deny the allegation contained in paragraph 56.

WHEREFORE, third-party defendant demands judgment against the third-party plaintiff plus its cost of defending this action.

**COUNT XI**
**(Fraud and Deceit – State)**

57. This defendant incorporates herein by reference its responses to paragraphs 1-56 as if fully restated herein.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

WHEREFORE, third-party defendant demands judgment against the third-party plaintiff plus its cost of defending this action.

**COUNT XII**
**(Fraud and Deceit – Sullivan)**

62. This defendant incorporates herein by reference its responses to paragraphs 1-61 as if fully restated herein.

63. This defendant is without sufficient information to either admit or deny the allegation contained in paragraph 63.

64. This defendant is without sufficient information to either admit or deny the allegation contained in paragraph 64.

65. This defendant is without sufficient information to either admit or deny the allegation contained in paragraph 65.

66. This defendant is without sufficient information to either admit or deny the allegation contained in paragraph 66.

WHEREFORE, third-party defendant demands judgment against the third-party plaintiff plus its cost of defending this action.

**COUNT XIII**
**(Negligent Misrepresentation – State)**

67. This defendant incorporates herein by reference its responses to paragraphs 1-66 as if fully restated herein.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

WHEREFORE, third-party defendant demands judgment against the third-party plaintiff plus its cost of defending this action.

**COUNT XIV**
**(Negligent Misrepresentation – Sullivan)**

72. This defendant incorporates herein by reference its responses to paragraphs 1-71 as if fully restated herein.

73. This defendant is without sufficient information to either admit or deny the allegation contained in paragraph 73.

74. This defendant is without sufficient information to either admit or deny the allegation contained in paragraph 74.

75. This defendant is without sufficient information to either admit or deny the allegation contained in paragraph 75.

76. This defendant is without sufficient information to either admit or deny the allegation contained in paragraph 76.

WHEREFORE, third-party defendant demands judgment against the third-party plaintiff plus its cost of defending this action.

**COUNT XV**
**(Promissory Estoppel – State)**

77. This defendant incorporates herein by reference its responses to paragraphs 1-76 as if fully restated herein.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

WHEREFORE, third-party defendant demands judgment against the third-party plaintiff plus its cost of defending this action.

**COUNT XVI**
**(Promissory Estoppel – Sullivan)**

83. This defendant incorporates herein by reference its responses to paragraphs 1-82 as if fully restated herein.

84. This defendant is without sufficient information to either admit or deny the allegation contained in paragraph 84.

85. This defendant is without sufficient information to either admit or deny the allegation contained in paragraph 85.

86. This defendant is without sufficient information to either admit or deny the allegation contained in paragraph 86.

87. This defendant is without sufficient information to either admit or deny the allegation contained in paragraph 87.

88. This defendant is without sufficient information to either admit or deny the allegation contained in paragraph 88.

WHEREFORE, third-party defendant demands judgment against the third-party plaintiff plus its cost of defending this action.

**DEMAND FOR TRIAL BY JURY**

Now comes the Third-Party defendant, State Industries, Inc. and demands a trial by jury as to this third-party complaint.

Third-Party Defendant,
STATE INDUSTRIES, INC.,

Melody A. Alger, Esquire #4585
Baluch, Gianfrancesco, Mathieu & Szerlag
155 South Main Street, Suite 101
Providence, RI 02903
Phone: 401-331-1434
Fax: 401-351-9653

**FIRST AFFIRMATIVE DEFENSE**

The third-party claimants failed to state a claim upon which relief can be granted as against this third-party defendant.

**SECOND AFFIRMATIVE DEFENSE**

The damages, injuries and losses alleged in the third-party claimants were caused by the negligence, fault or lack of care on the part of parties over whom this third-party defendant is not responsible and has no control.

**THIRD AFFIRMATIVE DEFENSE**

The third-party plaintiff's damages or injuries, if any, are the result of the improper maintenance or installation of the product in accordance with State Industries, Inc.'s recommendations and instructions.

**FOURTH AFFIRMATIVE DEFENSE**

Third-party Defendant State Industries, Inc. was never given adequate or timely notice of any alleged breach of warranty.

**FIFTH AFFIRMATIVE DEFENSE**

As to the warranty claims, there is no privity of contract.

**SIXTH AFFIRMATIVE DEFENSE**

The third-party plaintiff's claims and damages, if any, are subject to the applicable terms, conditions and limitations of any warranty.

**SEVENTH AFFIRMATIVE DEFENSE**

The third-party defendant disclaims any warranty other than those expressly set forth in documents which were provided with the alleged products in accordance with the Uniform Commercial Code.

**EIGHTH AFFIRMATIVE DEFENSE**

The third-party plaintiff's claims are barred by the Statute of Limitations and/or the Statute of Repose.

**NINTH AFFIRMATIVE DEFENSE**

To the extent that the third-party defendant placed warnings on its products, such warnings are grounds for the dismissal of these claims.

**TENTH AFFIRMATIVE DEFENSE**

The third-party plaintiff's claims are barred to the extent that the product in questions was materially and substantially altered and modified after leaving their possession and control of this defendant.

**ELEVENTH AFFIRMATIVE DEFENSE**

The water heater in question performed as safely and as an ordinary consumer would reasonably expect when used in an intended or reasonably foreseeable manner.

**TWELFTH AFFIRMATIVE DEFENSE**

The third-party plaintiff's claims of negligence are barred by the Doctrine of Economic Loss.

**THIRTEENTH AFFIRMATIVE DEFENSE**

All implied warranties, including the warranties of merchant ability and fitness for a particular purpose, were excluded at the time of the sale, if any, of this third-party defendant's product.

**FOURTEENTH AFFIRMATIVE DEFENSE**

To the extent that the third-party plaintiff's alleges claims based upon oral representations or warranties, the crossclaimant's claims are barred by the Statute of Frauds.

**FIFTEENTH AFFIRMATIVE DEFENSE**

This third-party defendant reserves the right to plead and prove other affirmative defenses as they may become known and hereby incorporates all applicable affirmative defenses as alleged by any other defendant in this case.

Third-Party Defendant,
STATE INDUSTRIES, INC.,

Melody A. Alger, Esquire #4585
Baluch, Gianfrancesco, Mathieu & Szerlag
155 South Main Street, Suite 101
Providence, RI 02903
Phone: 401-331-1434
Fax: 401-351-9653

**CERTIFICATION**

The undersigned hereby certifies that a copy of the within was mailed, postage prepaid, to:

Joseph J. Reale, Jr., Esquire
Joseph J. Reale, Jr., LTD.
10 Kennedy Plaza, Suite 400
Providence, RI 02903

Michael W. Garland, Esquire
DONALD E. FEENER & ASSOCIATES
120 Front Street, Suite 310
Worcester, MA 01608-1424

on this 11 day of **July**, 2005.