UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

HODESS BUILDING CO., INC.,
Plaintiff

v.

A.O. SMITH CORPORATION, and
JIM LAVALLEE PLUMBING &
HEATING, INC.,
Defendants

and

JIM LAVALLEE PLUMBING &
HEATING, INC.,
Third Party Plaintiff

v.

STATE INDUSTRIES, INC. and P V
SULLIVAN SUPPLY CO., INC.,
Third Party Defendants.

C.A. No. 05-CV-152S

**MOTION OF THE DEFENDANT, JAMES LAVALLEE PLUMBING & HEATING, INC., TO DISMISS THE COMPLAINT FOR LACK OF DIVERSITY JURISDICTION**

The defendant, James Lavallee Plumbing & Heating, Inc., hereby moves for an order dismissing the complaint in this matter for lack of diversity jurisdiction, pursuant to 28 USC §1332.

In support of this motion, the defendant relies upon the accompanying Memorandum of Law and Affidavit of James Lavallee.

Date: January 16, 2006

Michael W. Garland, Esq.
Donald E. Feener & Associates
120 Front Street, Suite 310
Worcester, MA 01608-1424
(508) 798-0717

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing document was served by first class mail upon all counsel of record, this 16 day of January, 2006.

Michael W. Garland, Esq.
Donald E. Feener & Associates
120 Front Street, Suite 310
Worcester, MA 01608-1424
(508) 798-0717

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| HODESS BUILDING CO., INC.,<br>Plaintiff<br><br>v.<br><br>A.O. SMITH CORPORATION, and<br>JIM LAVALLEE PLUMBING &<br>HEATING, INC.,<br>Defendants<br><br>and<br><br>JIM LAVALLEE PLUMBING &<br>HEATING, INC.,<br>Third Party Plaintiff<br><br>v.<br><br>STATE INDUSTRIES, INC. and P V<br>SULLIVAN SUPPLY CO., INC.,<br>Third Party Defendants. | C.A. No. 05-CV-152S |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTIONS BY THE DEFENDANT, JAMES LAVALLEE PLUMBING & HEATING, INC., TO DISMISS THE COMPLAINT FOR (A) LACK OF DIVERSITY JURISDICTION AND/OR (B) LACK OF PERSONAL JURISDICTION**

## I. INTRODUCTION

This case involves claims arising from the project known as Franklin Commons for the construction of apartment units in the Town of Franklin, Massachusetts. The defendant, Jim Lavallee Plumbing & Heating, Inc. ("Lavellee" or "the Company"), was the plumbing and heating subcontractor for the plaintiff, Hodess Building Co., Inc. ("Hodess"), the general contractor. For

the reasons set forth below, the complaint should be dismissed because this court lacks diversity jurisdiction and because it lacks personal jurisdiction over Lavallee.

## II. STATEMENT OF FACTS

Lavallee began operations in 1992, and was incorporated in the Commonwealth of Massachusetts in 1998. In 2002 Lavallee's place of business was moved to its present location at 63 Southbridge Street, Auburn, Massachusetts. Lavallee's business and offices have at all times been located in Massachusetts. (See the accompanying Affidavit of James Lavallee, the President of Lavallee, ¶1, Ex. A).

All of Lavallee's contact and communications with Hodess occurred either at the project in Franklin, Massachusetts, or at the offices of Hodess located at 100 John L. Dietsch Square, North Attleboro, Massachusetts. To James Lavallee's knowledge, this is Hodess's principal place of business. (Lavellee aff., ¶3). Hodess's principal place of business, as identified in its filings with the Rhode Island Secretary of State Office (see attached Exhibit A), is in North Attleboro, Massachusetts.

The cover page (Article I) of the subcontract for this project between Lavallee and Hodess lists Hodess's offices at the North Attleboro, Massachusetts address. Section 15 of the contract provides that the contract shall be governed by the laws of the Commonwealth of Massachusetts. (Lavellee aff., ¶4, Ex. B).

All discussions and negotiations between Lavallee and Hodess regarding the project were conducted either through telephone calls with the Hodess office in North Attleboro, during meetings with Hodess at the latter's North Attleboro office, or during meetings at the project in Franklin, Massachusetts. At no time did anyone from Lavallee visit the State of Rhode Island in connection with this project. (Lavellee aff., ¶5).

All correspondence and communications between Lavallee and Hodess relating to this project, including invoices and payments, were sent to or from Hodess's North Attleboro office. (Lavellee aff., ¶6).

Lavallee's business operations have at all times been conducted in the Commonwealth of Massachusetts. Lavellee has never worked on a construction project in the State of Rhode Island. (Lavellee aff., ¶7).

## III. LEGAL ARGUMENT

### A. There Is No Diversity Jurisdiction as the Plaintiff, Which Has Its Principal Place of Business in Massachusetts, Is a Citizen of the Same State as the Defendant Lavallee, Which Is a Massachusetts Corporation

In cases based solely on diversity jurisdiction, no plaintiff may be a citizen of any state of which any defendant is also a citizen. *Straw Bridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L. Ed. 435 (1806); *Neat-N-Tidy Co., Inc. v. Trade Power (Holdings) Ltd.*, 777 F. Supp. 1153, 1156. The general rule requiring complete diversity between opposing parties is strict and unequivocal. See *International Shipping Co. S.A. v. Hydra Offshore, Inc.*, 875 F. 2d 388, 391 (2d Cir. 1989), *cert.*

*denied*, 493 U.S. 1003, 110 S. Ct. 563, 107 L. Ed. 2d 558 (1989). Additionally, complete diversity must be apparent from the pleadings. *John Burke Soc'y v. National Broadcasting Co.*, 377 F. 2d 194, 197 (2d Cir. 1967).

For purposes of diversity jurisdiction "a corporation shall be deemed to be a citizen of any state in which it is incorporated and of the State where it has its principal place of business." 28 USC §1332(c)(1) (emphasis added).

If a complaint fails to allege a corporation's principal place of business, and if there is a possibility that a party's citizenship, through its principal place of business, might destroy diversity, then the pleading is insufficient to establish diversity jurisdiction. *John Burke Soc'y*, 377 F. 2d 194, 198 (2d Cir. 1967); *Neat-N-Tidy Co., Inc. v. Trade Power (Holdings) Ltd., supra*, 777 F. Supp. at 1156.

The plaintiff's complaint here does not allege complete diversity, and it is evident that there is no such diversity. Lavallee is a Massachusetts corporation with its principal place of business in Massachusetts. The complaint states that Hodess has its place of business in North Attleboro, Massachusetts and there is no question but that this is Hodess's principal place of business, whether the court looks to the location where the corporation's important policy decisions are made, see *Scott Typewriter Co. v. Underwood Corp.*, 170 F. Supp. 862, 865 (S.D.N.Y. 1959) ("nerve center" approach), or where the bulk of the corporation's operations are situated. See *Inland Rubber Corp. v. Triple A Tire Service, Inc.*, 220 F. Supp. 490, 496 (S.D.N.Y. 1963) ("corporate operations" test). See generally,

"Determination of Corporation's Principal Place of Business for Purposes of Diversity Jurisdiction under 28 USC §1332(c)," 6 ALR Fed. 436.

As the plaintiff has failed to allege or establish complete diversity jurisdiction, this court does not have jurisdiction to hear this case pursuant to 28 USC §1332.

**B. The Defendant Lavallee Has Not Performed Any Acts By Which It Has Purposefully Availed Itself of the Privilege of Conducting Activities Within Rhode Island**

To withstand a defendant's Rule 12(b)(2) motion to dismiss a complaint for lack of *in personam* jurisdiction, a plaintiff must allege sufficient facts to make out a prima facie case of jurisdiction. *Cerberus Partners, L.P. v. Gadsby & Hannah, LLP*, 836 A.2d 1113 (2003); *Ben's Marine Sales v. Sleek Craft Boats*, 502 A.2d 808, 809 (R.I. 1985). A *prima facie* case of jurisdiction is established when the requirements of Rhode Island's long-arm statute are satisfied. *Id.* See General Laws 1956 §9-5-33(a).

> *To ensure constitutional due process to a nonresident defendant, certain minimum contacts with the forum state are required "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."* Kalooski v. Albert-Frankenthal AG, *770 A.2d 831, 832-33 (R.I. 2001) (per curiam) (quoting* Ben's Marine Sales, *502 A.2d at 809 and* International Shoe Co. v. Washington, *326 U.S. 310, 316, 66 S. Ct. 154, 90 L.Ed. 95 (1945)). The minimum contacts requirement protects defendants from the burden of having to litigate in an inconvenient forum and it ensures that states "do not reach out beyond [their] limits as coequal sovereigns in a federal system."* World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).

*Cerberus, supra* at 1118.

A determination as to the minimum contacts that will satisfy the requirements of due process will depend upon the facts of each particular case. *Id.*, citing *Ben's Marine Sales*, 502 A.2d at 810. "The fundamental question here is, thus, whether 'the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there.'" *Id.*, citing *Bendick v. Picillo*, 525 A.2d 1310, 1312 (R.I. 1987) (quoting *Violet v. Picillo*, 613 F. Supp. 1563, 1574 (D.R.I. 1985) and *World-Wide Volkswagen Corp.*, 444 U.S. at 297, 100 S.Ct. 559).

The forum court possesses personal jurisdiction over a nonresident defendant when a plaintiff alleges and proves the existence of either general or specific personal jurisdiction. "When its contacts with a state are continuous, purposeful, and systematic, a nonresident defendant will subject itself to the general jurisdiction of that forum's courts with respect to all claims, regardless of whether they relate to or arise out of the nonresident's contacts with the forum." *Rose*, 819 A.2d at 1250 (citing *International Shoe Co.*, 326 U.S. at 318, 66 S.Ct. 154).

When a defendant's contacts with the forum are not sufficient to exercise general jurisdiction, "a court may exercise specific personal jurisdiction over the nonresident defendant if the claim sufficiently relates to or arises from any of the defendant's purposeful contacts with the forum." *Cerberus*, 836 A.2d at 1119, quoting *Rose*, 819 A.2d at 1251.

> *For specific personal jurisdiction to exist, however, the defendant must have performed "some act by which [it] purposefully [availed] itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws."* Rose, *819 A.2d at 1251 (quoting* State of Maryland Central Collection Unit v. The Board of Regents For Education of the University of Rhode Island, *529 A.2d 144, 151 (R.I. 1987) and* Hanson v. Denckla, *357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958)). In determining whether specific jurisdiction exists, the court focuses on "the relationship among the defendant, the forum, and the litigation."* Maryland Central Collection Unit, *529 A.2d at 151 (citing* Shaffer v. Heitner, *433 U.S. 186, 204, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977).*

*Cerberus*, 836 A. 2d at 1119.

The present litigation has no relationship to Rhode Island, and Lavallee has none of the requisite minimum contacts with Rhode Island sufficient to warrant the exercise of specific jurisdiction, much less general jurisdiction.

Lavallee is a Massachusetts corporation with its place of business in Massachusetts and which has exclusively performed its business operations in that state. Lavallee has never conducted business in the State of Rhode Island or worked on any construction project in that state.

Moreover, there was no contact by Lavallee with the State of Rhode Island regarding the project at issue constructed in Franklin, Massachusetts. The contract between Lavallee and Hodess was negotiated through communications and meetings with Hodess at its principal place of business in North Attleboro. The contract is subject to the laws of Massachusetts. No representative of Lavallee was ever required to visit Rhode Island in connection with this project,

and all invoices or communications between Lavellee and Hodess were exchanged in Massachusetts. All records relating to the construction were kept by Lavallee in Massachusetts and maintained by Hodess in its offices in North Attleboro.

The contacts of Lavallee with Rhode Island here are nonexistent, and certainly fewer than those of the third-party defendant attorneys in *Cerberus,* who represented a lender's group that included Fleet Bank of Providence and provided legal advice with respect to loan agreements (and related bankruptcy proceedings) that were expressly subject to the laws of Rhode Island. The court determined that the attorneys in *Cerberus* were not subject to the jurisdiction of Rhode Island because they had not purposely availed themselves of the privilege of conducting activities within Rhode Island.

The fact that one of the firms had sent bills and invoices into Rhode Island - aggregating in the hundreds of thousands of dollars - was deemed insufficient to vest specific jurisdiction, where the attorneys did not "purposely reach out to a Rhode Island client to render advice on a Rhode Island contract."

> *The "cornerstones upon which the concept of purposeful availment rest are voluntariness and foreseeability."* Sawtelle, *70 F.3d at 1391. "[T]he foreseeability that is critical to due process analysis is that the defendant's conduct and connection with the forum [s]tate are such that he should reasonably anticipate being haled into court there."* World-Wide Volkswagen Corp., *444 U.S. at 297, 100 S.Ct. 559. Jurisdiction is proper when the contacts proximately result from actions that create a "substantial connection" with the forum state.* McGee v. International Life Insurance Co., *355 U.S. 220, 223, 78*

> *S.Ct. 199, 2 L.Ed.2d 223 (1957). "Thus where the defendant 'deliberately' has created 'continuing obligations' between himself and residents of the forum, he manifestly has availed himself of the privilege of conducting business there, and because his activities are shielded by 'the benefits and protections' of the forum's laws it is presumptively not unreasonable to require him to submit to the burdens of litigation in that forum as well."* Burger King Corp., *471 U.S. at 475-76, 105 S.Ct. 2174.*

See also *Rose v. Firstar*, 819 A. 2d 1247 (R.I. 2003) (telephone conversations and correspondence over a 27 year period by the defendant trustee, an Ohio bank, with beneficiaries in Rhode Island did not establish jurisdiction where the trustee bank did not purposefully avail itself of the benefit of Rhode Island law by agreeing to and continuing to serve as trustee after one of the beneficiaries moved from Ohio to Rhode Island).

Where, as here, the plaintiff does not establish that the defendants have purposefully established the minimum contacts with the forum state, then the "gestalt factors" should not be employed to determine if the exercise of jurisdiction is reasonable. *Cerberus*, 836 A. 2d. These factors are considered "only when the question of personal jurisdiction is close, and then the balance may be tipped towards exercising personal jurisdiction if the balance of the factors shows that exercise to be reasonable." *Cerberus*, 836 A. 2d at 1122.

Assuming for the purpose of argument only that the gestalt factors should be considered in this case, they clearly tip the balance away from the exercise of jurisdiction by Rhode Island. The gestalt factors include the burden on the defendant, the forum state's interest in adjudicating the dispute, the plaintiff's

interest in obtaining the most effective resolution of the controversy, and the shared interest of the several states in furthering fundamental substantive social policies. *Id.*, at 1121 (citing *World-Wide Volkswagen Corp.*, 444 U.S. 286, 292, 62 L.Ed.2d 490, 100 S. Ct. 559 (1980).

Here, it is a much greater burden for Lavellee to litigate this lawsuit in Rhode Island than in Massachusetts, given that the construction work at issue was performed in Massachusetts; that all contracts and documents relating to the project were exchanged in Massachusetts; that Hodess has its principal place of business in Massachusetts; and that Lavallee has virtually no contact of any kind with Rhode Island. Moreover, as the contract between Hodess and Lavallee is expressly subject to Massachusetts law, Massachusetts has a substantial interest in resolving this dispute. In contrast, there is no plausible basis for suggesting that Rhode Island has any interest in resolving this suit. Accordingly, the most effective resolution of the controversy would be achieved in Massachusetts.

## IV. CONCLUSION

For the reasons set forth herein, and in the accompanying affidavit, it is respectfully requested that this court dismiss the plaintiff's complaint (1) for lack of diversity jurisdiction and (2) for lack of personal jurisdiction over the defendant, Jim Lavallee Plumbing & Heating, Inc.

Date: January 16, 2006

Michael W. Garland, Esq.
Donald E. Feener & Associates
120 Front Street, Suite 310
Worcester, MA 01608-1424
(508) 798-0717

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing document was served by first class mail upon all counsel of record, this 16 day of January, 2006.

Michael W. Garland, Esq.
Donald E. Feener & Associates
120 Front Street, Suite 310
Worcester, MA 01608-1424
(508) 798-0717